# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEA BEAUMONT,<br><br>          Plaintiff,<br><br>vs.<br><br>GOVERNMENT CLAIMS BOARD VICTIMS COMPENSATION GRANT,<br><br>          Defendants. | CASE NO. 19cv345-LAB (LL)<br><br>**ORDER EXTENDING TIME TO SHOW CAUSE; DENYING MOTIONS TO APPOINT COUNSEL [Dkts. 3, 6]** |

  Plaintiff Bea Beaumont brought this case seeking to recover damages from the California "Government Claims Board Victims Compensation Grant" related to an assault she allegedly suffered while employed as a high school teacher. Complaint, Dkt. 1. Noting that disputes with the Claims Board are matters for state courts and agencies, the Court issued an Order to Show Cause ("OSC") on February 25, 2019, requiring Beaumont to demonstrate why this case should not be dismissed for lack of federal jurisdiction.

  Beaumont has partially responded. First, she notes that there are three claims she would like to bring that might give rise to diversity jurisdiction: a case against a hotel in Rochester, Minnesota; a case against the University of Indiana; and a case related to a probate matter also in Indiana. While it's true these various claims may give rise to federal jurisdiction if brought separately, they are wholly unrelated to her claim in *this* case, which is that she is entitled to damages under a California statute for her assault as a school

- 1 -

teacher.  "Unrelated claims against different defendants belong in different suits," so Beaumont cannot premise federal jurisdiction in this case on her claims against hotels in Minnesota and family members in Indiana. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).  Beaumont also suggests that her claim might be properly brought in federal court because she was discriminated against by her employer based on her disability.  Disability discrimination may give rise to federal jurisdiction in certain circumstances, but it's unclear from the limited information provided how this discrimination claim relates to her assault and her claim for relief from the Claims Board.

In short, this case is *only* about Beaumont's assault and why she's entitled to recovery from the Claims Board.  If she can show that this specific case against the Claims Board belongs in federal court, she is **GRANTED** an extension of time to respond to the OSC until **April 22, 2019**.  This is not, however, an invitation for a fishing expedition—any other miscellaneous claims she may have against defendants other than the Claims Board will likely need to be brought in a different lawsuit.  If she fails to show cause or does not respond, this case will be dismissed without prejudice.  Her response to the OSC must be no longer than **5 pages**.

Beaumont's requests for appointment of counsel, (Dkts. 3, 6), are **DENIED** at this time, but may be renewed later if circumstances change. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) ("[A] court may under 'exceptional circumstances' appoint counsel for indigent civil litigants, . . . [but] generally[] a person has no right to counsel in civil actions.").

**IT IS SO ORDERED**.

Dated: March 20, 2019

*Larry A. Burns*
**HONORABLE LARRY ALAN BURNS**
Chief United States District Judge